**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2672
_____

JAMES A. CARSON, JR.,

Appellant

v.

DETECTIVE JESSICA M. AURAND, in her individual and
official capacity as a detective for Mifflin County Regional Police Department;
JOHN DOES 1-10
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-17-cv-01263)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 10, 2020
Before:  GREENAWAY, JR., KRAUSE and BIBAS, Circuit Judges

(Opinion filed December 9, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant James Carson, Jr., appeals from an order granting summary judgment to the defendant. We will affirm the District Court's judgment.

I.

With the assistance of counsel, Carson filed a complaint against Detective Jessica Aurand, the Mifflin County Regional Police Department, Mifflin County, and several John Doe defendants under 42 U.S.C. § 1983, as well as various state laws. After Mifflin County moved to dismiss the complaint, Carson filed an amended complaint naming only Aurand and "John Does 1-10," and claiming malicious prosecution under the Fourth Amendment and state law. Aurand is the Department's only police detective.

Carson's claims arose from his prosecution for the alleged sexual assault of his minor niece, "S.W.," who lived with Carson and his girlfriend for several weeks in 2013. The following year, S.W. disclosed to Dauphin County Children and Youth Services ("DCCYS") that she had been sexually assaulted. She contacted DCCYS on three separate occasions, identifying first her father, then her mother, and then Carson as her abusers. In January 2015, Mifflin County Children and Youth Services ("MCCYS") sent a report to Aurand describing S.W.'s allegations and naming Carson as the alleged perpetrator. Aurand initiated an investigation. Thereafter, MCCYS conducted a medical examination of S.W.—which revealed no evidence of an assault or previous intercourse—as well as a forensic interview. Aurand observed the interview, during

2

which S.W. made several statements that identified Carson by name and described the alleged incident in detail.

Carson was arrested in March 2015 pursuant to a warrant obtained by Aurand. He was charged with Rape of a Child, Statutory Sexual Assault, Involuntary Deviate Sexual Intercourse, and Aggravated Indecent Assault on a Child, but he was acquitted of all charges. He subsequently sued Aurand, alleging malicious prosecution. Aurand moved for summary judgment, arguing, among other things, that that she was entitled to judgment as a matter of law. The District Court granted Aurand's motion, reasoning that because Aurand had probable cause to arrest Carson that there was no constitutional violation, and, besides, that Aurand was immune from suit.[1] Carson appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment de novo, applying the same standard as the District Court. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is proper if, viewing the record in the light most favorable to Carson, there is no genuine issue of material fact and Aurand is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Aurand is entitled to

---

[1] The District Court also terminated the John Doe defendants from the case, noting that discovery had not revealed any additional defendants. We will not review this ruling because Carson does not challenge it on appeal. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (holding that arguments not developed in an appellant's opening brief are forfeited).

3

judgment as a matter of law if Carson failed to make a sufficient showing on an essential element of his case. See Holloway v. Att'y Gen. of U.S., 948 F.3d 164, 168 n.1 (3d Cir. 2020).

III.

To make a claim for malicious prosecution under both federal and state law, Carson must show, among other things, that Aurand initiated the proceeding against him without probable cause. See Allen v. N.J. State Police, 974 F.3d 497, 502 (3d Cir. 2020) (federal law); Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 791 (3d Cir. 2000) (state law). Because the undisputed evidence shows that Aurand had probable cause to arrest Carson, his malicious prosecution claim fails.

Probable cause "exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Merkle, 211 F.3d at 788 (internal quotation marks omitted). A plaintiff arrested on a valid warrant[2] must make two showings to challenge probable cause: (1) that the officer, with at least a reckless disregard for the truth, made false statements or omissions in the warrant application, and (2) that those statements or omissions were necessary to the finding of probable cause. See Andrews v. Scuilli, 853 F.3d 690, 697 (3d Cir. 2017).

---

[2] Carson does not challenge the validity of his arrest warrant.

Carson's argument that Aurand's investigation was unconstitutional because it was limited to her interview with S.W. is unavailing. "When a police officer has received a reliable identification by a victim of his or her attacker, the police have probable cause to arrest." Sharrar v. Felsing, 128 F.3d 810, 818 (3d Cir. 1997), abrogated on other grounds by Curley v. Klem, 499 F.3d 199 (3d Cir. 2007). Thus, S.W.'s identification of Carson was sufficient to provide probable cause. See Aurand Dep., ECF No. 32-6 at 25–26 (explaining that Aurand believed S.W. to be credible).

Moreover, the record evidence shows that Aurand made no reckless or material factual omissions in obtaining the arrest warrant. During the preliminary hearing, she admitted that her investigation consisted solely of her observation of S.W.'s interview, despite knowing about S.W.'s medical examination. See ECF No. 36-5 at 14. Aurand stated in her deposition that, in her professional experience, it is not uncommon for children (who heal faster than adults) to show no signs of sexual abuse upon examination, especially when the exam is conducted more than a year past the date of the alleged abuse. See, e.g., ECF No. 32-6 at 24–25. Thus, she considered the medical examination to be inconclusive, rather than exonerating, evidence. This interpretation was corroborated by the medical examiner. See ECF No. 46 at 99–100.

Carson's other arguments are likewise without merit. The facts that Carson was arrested without DNA evidence, that Aurand did not speak to certain witnesses, and that there were other possible suspects at the time Carson was arrested do not negate Aurand's

5

reasonable belief that he had committed the alleged offense. <u>Orsatti v. N.J. State Police</u>, 71 F.3d 480, 484 (3d Cir. 1995) (explaining that "for Fourth Amendment purposes, the issue is not whether the information on which police officers base their request for an arrest warrant resulted from a professionally executed investigation; rather, the issue is whether that information would warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested"). Nor does the record support Carson's assertions that Aurand stated under oath that she knew that he was innocent before arresting him and that the Mifflin County Police Department sent him a "threatening letter." Carson Br. at 2.[3]

IV.

For the above reasons, we will affirm the judgment of the District Court.

---

[3] Because we agree with the District Court that Carson's claim is meritless, we need not reach the question whether Aurand is protected by qualified immunity.